JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200  Facsimile: (510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA M. BROOKS, DANESSA J. BROOKS, BRENDA ANN CLOW-BROOKS, individually and in her capacity as representative for decedent DENNIS BROOKS's estate; H.B., a minor, by and through her guardian ad litem, BRENDA ANN CLOW-BROOKS, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN JOAQUIN, a municipal corporation; STEVE MOORE, in his capacity as Sheriff for the COUNTY OF SAN JOAQUIN; DOES 1-25, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS. JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343 and 42 U.S.C. Section 12188(a). This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. Section 1367.

2. Venue is proper because the unlawful acts and practices alleged herein occurred in the County of San Joaquin, California, which is within this judicial district.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 1

## PARTIES

3. Plaintiff herein, BRIANNA M. BROOKS ("BROOKS"), is and was at all times herein mentioned the daughter of decedent DENNIS BROOKS. Plaintiff BRIANNA BROOKS, is a citizen of the United States residing in the City of Stockton in California.

4. Plaintiff herein, DANESSA J. BROOKS ("BROOKS"), is and was at all times herein mentioned the daughter of decedent DENNIS BROOKS. Plaintiff DANESSA BROOKS is a citizen of the United States residing in the City of Stockton in California.

5. Plaintiff herein, BRENDA ANN CLOW-BROOKS ("CLOW-BROOKS"), is and was at all times herein mentioned the mother of decedent DENNIS BROOKS. Plaintiff BRENDA ANN CLOW-BROOKS is a citizen of the United States residing in the City of Stockton in California.

6. Minor Plaintiff herein, H.B., is and was at all times herein mentioned the daughter of decedent DENNIS BROOKS. She is represented in this action by her grandmother and Guardian ad Litem BRENDA ANN CLOW-BROOKS. She is a citizen of the United States residing in the City of Stockton in California.

7. Defendant COUNTY OF SAN JOAQUIN ("COUNTY") is a municipal corporation, duly organized and existing under the laws of the State of California. Defendant COUNTY operates and is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the San Joaquin County Sheriff's Department and the San Joaquin County Jail and their agents and employees.

8. At all times mentioned herein, Defendant STEVE MOORE ("MOORE") was employed by defendant COUNTY as Sheriff for the COUNTY. He is being sued in his official capacity as Sheriff for the COUNTY.

9. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 15, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named was employed by Defendant COUNTY at the time of the conduct alleged herein. Plaintiffs allege Defendants DOE 1 through 15, and each of them were deliberately indifferent to DENNIS BROOKS's medical and mental health needs and

safety, failed to provide psychiatric care to him or take other measures to prevent him from attempting suicide, violated his civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct. Plaintiffs further allege that the DOE Defendants violated Plaintiffs' First and Fourteenth Amendment rights to familial association and companionship and caused the wrongful death of DENNIS BROOKS. Plaintiffs will amend their complaint to state the names and capacities of DOES 1 through 15, inclusive, when they have been ascertained.

10. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 16 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named was employed by Defendant COUNTY at the time of the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 16-25 were responsible for the training, supervision and/or conduct of the Jail employees and/or agents involved in the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 16 through 25 was also responsible for and caused the acts and injuries alleged herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 16 through 25, inclusive, when they have been ascertained.

11. Plaintiffs will amend their Complaint to include State causes of action related to their Federal claims within the relevant statutory tort claims filing time constraints.

## PRELIMINARY ALLEGATIONS

12. The COUNTY is a public entity and is sued under Title 42 U.S.C. § 1983 for violations of the First, Eight and/or Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of public employees DOES 1-25, and each of them, who at the time they caused Plaintiffs' and DENNIS BROOKS's injuries, damages and death were duly appointed, qualified and acting officers, employees, and/or agents of COUNTY and acting within the course and scope of their employment and/or agency. In engaging in the conduct described herein, DOES 1-25, inclusive, exceeded the authority vested in them as public employees under the United States and California Constitutions and as Sheriff Deputies employed by Defendant COUNTY.

13. Plaintiffs allege that the conduct of each defendant deprived DENNIS BROOKS of his constitutional right to life, his constitutional right to medical and mental health care for his serious but treatable medical and mental health needs, as well as custodial care and supervision, and caused DENNIS BROOKS to suffer grievous harm and physical injuries prior to his death, and ultimately caused his death while he was in the custody of Defendants.

14. Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

15. Whenever and wherever reference is made in this Complaint to any act by Defendants DOE Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant and DOE Defendants individually, jointly or severally.

## STATEMENT OF FACTS

16. On Thursday, November 20, 2008, decedent DENNIS BROOKS was arrested for being in violation of a Temporary Restraining Order in the City of Stockton, California.

17. San Joaquin County Sheriff's Deputies DOE DEFENDANTS 1-10, responded to the scene at approximately 11:30 p.m. and after arguing with Decedent DENNIS BROOKS for some time took him into custody at the San Joaquin County Jail.

18. On Saturday, November 22, 2008, approximately a day and a half later, while still in custody, Decedent DENNIS BROOKS asked San Joaquin County Jail personnel, DOE DEFENDANTS 1-10, why he was not dressed in red inmate clothing. According to Defendant SAN JOAQUIN COUNTY jail policy, inmates that pose a danger to themselves and/or others are distinguished by being dressed in red jail garments.

19. Decedent DENNIS BROOKS initially, requested San Joaquin County Jail Personnel, DOE DEFENDANTS 1-10, that he be placed in Administrative Segregation due to safety concerns that he had.

20. At approximately 1:00 p.m., a member of the San Joaquin County Jail Personnel, DOE DEFENDANTS 1-10, asked Decedent DENNIS BROOKS if he wanted to go to the yard. Decedent DENNIS BROOKS answered, "no," that he did not want to go to the yard. Approximately 10-20 minutes later, San Joaquin County Jail Personnel, DOE DEFENDANTS 1-10, found Decedent DENNIS BROOKS dead, hanging by his neck in his cell.

21. Defendant COUNTY has refused to provide Plaintiffs information pertaining to Mr. BROOKS's incarceration and death, in spite of Plaintiffs requests. Plaintiffs will amend their Complaint to include further details about Mr. BROOKS's death when said information is ascertained and provided by Defendant COUNTY.

22. Plaintiffs allege that Defendants failed to promulgate appropriate policies, guidelines and procedures and have failed to rectify improper practices and customs with regard to the mental health treatment and/or health and safety of San Joaquin County Jail inmates. The failures include, but are not limited to, a failure to meet legal, national/professional and medical standards relating to the medical and psychiatric care of inmates, a failure to ensure that mental health professionals' recommendations regarding proper treatment setting are followed, failure to ensure that the staff engage in proper and required welfare checks of inmates, a failure to ensure adequate emergency response measures are taken; a failure to maintain adequate mental health staff for the Jail, a failure to maintain adequate custodial staff for the Jail.

23. Plaintiffs allege that Defendants allowed conditions at the San Joaquin County Jail to deteriorate causing an environment where health care is ignored and inmate safety is disregarded. Such conditions included, but are not limited to, a shortage of Jail mental health staff, and a failure to provide adequate mental health care and supervision.

24. As a result of the Defendants' deliberate indifference to DENNIS BROOKS's serious medical needs and safety resulted in his long term suffering and ultimately his death.

25. As a result of the Defendants' conduct alleged herein, Plaintiffs BRIANNA BROOKS, DANESSA BROOKS and H.B., have lost the love and companionship of their father, and Plaintiff BRENDA ANN CLOW-BROOKS has lost the love and companionship of her son.

## DAMAGES

26. Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Mr. BROOKS's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses.

27. As a further direct and proximate result of the negligence and deliberate indifference of defendants, and each of them, Plaintiffs have been deprived of Mr. BROOKS's financial support.

28. Each individual Defendant acted recklessly or with callous indifference to DENNIS BROOKS's life threatening physical, medical and/or psychiatric condition and to Plaintiff's constitutional rights. Plaintiffs, as decedent's successors in interest, are therefore entitled to an award of punitive damages against said individual Defendants.

29. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

## FIRST CAUSE OF ACTION
(Wrongful Death 42 U.S.C. Section 1983)

30. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 29 of this Complaint.

31. As set forth above, Plaintiffs were subjected to deprivation of rights by Defendants DOES 1-25, inclusive, acting under color of law of the United States and State of California and of the County of San Joaquin which rights include, but are not limited to, privileges and immunities secured to Plaintiffs by the Constitution and laws of the United States. By reason of the aforementioned acts, these Defendants, have violated the constitutional rights and liberty interests of

Decedent DENNIS BROOKS, including those provided in the Eighth and Fourteenth Amendments to the U.S. Constitution and each Plaintiff, as well as those which are protected under the First and Fourteenth Amendment's prohibition against depriving a person of a right to familial relationships without due process of law.

32. Defendants DOES 1 through 25 knew, or should have known, of DENNIS BROOKS's serious medical, physical and mental health condition, were deliberately indifferent to them, ignored them, failed to provide medical or mental health intervention and care for him.

33. Defendants knew that DENNIS BROOKS was suffering from a mental disability and was a high risk candidate for suicide. Nevertheless, Defendants ignored his clear need for medical and mental health care, and failed to engage in adequate welfare checks.

34. Defendants knew and/or had reason to know, that DENNIS BROOKS had serious but treatable mental health condition which required care and treatment. As a result of Defendants' deliberate indifference, DENNIS BROOKS was deprived of the necessary and indicated medical intervention, care and treatment. Without proper treatment or follow-up care, his mental state deteriorated, causing him to continue to suffer pain and mental anguish in violation of his Eighth and Fourteenth Amendment rights resulting in his wrongful death.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Violations of Plaintiffs' civil rights to familial relationship - 42 U.S.C. section 1983)

35. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 34 of this Complaint.

36. As a legal cause of Defendants, acting under color of law, acts and/or inactions, Plaintiffs were deprived of their constitutional rights to a familial relationship, and whose deliberate indifference caused injuries which resulted in decedent's death, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
(*Monell* - 42 U.S.C. section 1983)

37. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 36 of this Complaint.

38. The aforementioned acts and/or omissions of the Defendants in being deliberatively indifferent to Decedent DENNIS BROOKS's serious medical needs and safety and violating his civil rights were the direct and proximate result of customs, practices and policies of Defendant COUNTY, and DOES 16 through 25, as alleged herein.

39. At all times herein mentioned, Defendants COUNTY and DOES 16 through 25 maintained a policy or de facto unconstitutional informal custom or practice of permitting, ignoring and condoning, Jail personnel to delay in providing adequate mental health and medical assistance for the protection of the health or safety of inmates; failing to properly observe and treat inmates, including inadequate: intake and screening and evaluation, diagnosis, referral to mental health professionals, treatment plans, administration of delivery of medications, medical record keeping, staffing, communication between medical, mental health and custodial staff, housing, supervision, access to mental and medical health care, failure to supervise, lax supervision, failure to report, investigate, and reprimand Jail personnel wrongful conduct.

40. Plaintiffs allege that Defendant COUNTY maintained a policy, custom or practice of failing to provide adequate staff in the Jail causing a failure to properly monitor the inmates.

41. Plaintiffs allege that Defendant COUNTY maintained a policy, custom or practice of failing to provide the Jail with adequate mental health personnel.

42. Each policy, custom or practice posed a substantial risk of serious harm to DENNIS BROOKS and Defendant COUNTY knew, or should have known, its policy posed this risk.

43. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1 through 15, and/or each of them, Defendant MOORE, DOES 11-25, and/or each of them, encouraged the Jail personnel to continue their course of deliberate indifference and caused this lack of training in Jail personnel, resulting in the violation of the Plaintiffs' rights as alleged herein.

44. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking SAN JOAQUIN COUNTY officials, including high ranking SAN JOAQUIN Sheriff's Department Supervisors, Defendants MOORE, DOES 11-25, and each of them resulted in the deprivation of Plaintiffs' constitutional rights. These customs, practices or policies were the legal cause of Plaintiffs' injuries, and each individual Defendant acting in accord with this custom, policy or practice acted with deliberate indifference to the needs of persons such as DENNIS BOOKS, who was in the custody and care of Defendants.

45. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(Survival action: Violation of decedent's civil rights
42 U.S.C. section 1983)
(Plaintiff CLOW-BROOKS as personal representative of decedent)

46. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 45 of this Complaint.

47. The foregoing claim for relief arose in decedent's favor, and decedent would have been the Plaintiff with respect to this claim if he had lived.

48. Defendants acted under color of law in shooting and killing decedent without lawful justification and subjecting decedent to excessive force, thereby depriving Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

49. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
(C.C.P. Section 377.60 and 377.61)
Wrongful Death- Negligence
(Plaintiffs BRENDA ANN CLOW-BROOKS, BRIANNA BROOKS, DANESSA BROOKS, L.H. by and through her Guardian ad Litem, BRENDA ANN CLOW-BROOKS)

50. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 49 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

51. Defendants COUNTY, by and through its agents and employees, Defendant Sheriff's Deputies, Jail and Medical Personnel, and DOES 1 through 25, negligent actions and/or negligent failure to act within the scope and course of their employment with Defendants, as set forth hereinabove proximately caused the death of decedent DENNIS BROOKS, said Plaintiffs' father, on November 22, 2008.

52. As an actual and proximate result of said Defendants' negligence, and the death of decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their father, decedent, in an amount according to proof at trial.

53. As a further actual and proximate result of said defendants' negligence, plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

54. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claim damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

SIXTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against all defendants and DOE Defendants)

55. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 54 of this complaint.

56. Plaintiffs are informed and believe and thereon allege that the Defendants acts were motivated by racial prejudice against plaintiffs' decedent. Plaintiffs' decedent is and was readily recognizable as African-American. In engaging in such conduct, defendants violated plaintiffs' decedent's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

57. Under the provisions of California Civil Code Section 52(b), defendants are liable an additional $25,000.00 for each violation of Civil Code Section 51.7 for punitive damages and for reasonable attorney's fees.

58. As a proximate result of defendants' wrongful conduct, plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against Defendants DOES 1-10)

59. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 58 of this Complaint.

60. Plaintiffs are informed and believe and thereon allege that while DENNIS BROOKS was under the sole exclusive care of defendants and DOE Defendants, as described herein, and in Defendants' custody, he was suffering from a medical and mental health condition which entitled him to the full and equal accommodations, advantages, facilities, privileges, or services for his condition. Defendants and Doe Defendants, acting within the scope and course of their employment with Defendant COUNTY, had a duty to provide DENNIS BROOKS medical and mental health accommodation, advantages, facilities, privileges, or services for his condition, and violated said statutory mandates herein. The conduct of Defendants and DOES 1 through 25, inclusive, as described herein, acting in the course and scope of their employment for Defendant COUNTY, violated California Civil Code Section 52.1, they interfered with plaintiffs' decedent's exercise and enjoyment of his civil rights, DENNIS BROOKS died, and Plaintiffs have suffered damages as set forth herein.

61. As a direct and proximate result of defendants' violation of Civil Code Section 52.1, decedent suffered violation of his constitutional rights, and suffered damages as set forth herein.

62. Since this conduct occurred in the course and scope of employment, Defendant COUNTY is therefore liable to plaintiffs pursuant to respondeat superior.

63. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiffs pray for relief, as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(Against Defendant COUNTY, MOORE, and DOES 15-25)

64. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 63 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

65. At all times mentioned herein, defendant COUNTY, by and through its agents and employees; MOORE; and DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, COUNTY, MOORE, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of decedent's and plaintiffs' rights, the suffering and death of decedent, and injury and damages to decedent and plaintiffs. COUNTY, MOORE, and DOES 11-25, inclusive, failed to supervise subordinates regarding the deliberate indifference to the necessity to protect inmates, to provide access and delivery of mental/medical health care and life saving care and attention to inmates and detainees who were suicidal and/or suffering from mental disabilities. Moreover, Defendants COUNTY and DOES 11-25 knew or should have known of this custom, policy, pattern or practice of unconstitutional acts, and these Defendants had a duty to investigate their subordinates, and to instruct their subordinates to prevent similar acts to other persons, but failed to take steps to properly train, supervise, investigate or instruct Jail Personnel, and/or failed to have adequate policies and procedures to this end. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing deliberately indifferent to DENNIS BROOKS's serious medical needs and safety by Jail Personnel.

66. As a proximate result of defendants COUNTY, MOORE, and DOES 11-25, inclusive, negligent conduct, decedent and plaintiffs suffered damages including severe emotional and mental distress and injury having a traumatic effect on decedent's and plaintiffs' emotional tranquility.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

67. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum of $10,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For injunctive relief as the court deems appropriate including that the policies of Defendant SAN JOAQUIN COUNTY for the mental health, medical and custody staffing levels maintained at the SAN JOAQUIN COUNTY JAIL fall below constitutional standards; and that the policy or policies relevant to authorizing, allowing, or ratifying the practice by its Jail Personnel of being deliberately indifferent to mental/medical health needs of the inmates, pursuant to California Civil Code Section 52.1;
6. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;
7. For violation of California Civil Code Section 51.7 pursuant to California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;
8. For cost of suit herein incurred; and
9. For such other and further relief as the Court deems just and proper.

Dated: December 1, 2009

**Law Offices of John L. Burris**

_____
John L. Burris
Attorney for Plaintiffs

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 13