UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRIANNA M. BROOKS, individually and as successor-in-interest to Decedent DENNIS BROOKS; et al.,

    Plaintiffs,

    v.

COUNTY OF SAN JOAQUIN, a municipal corporation; et al.,

    Defendants.

NO. 2:09-cv-03343-MCE-GGH

ORDER

----oo0oo----

Through the motion presently before the Court, Defendants seeks to disqualify Plaintiffs' jail practices and procedures expert, Joel Goodman, and to, accordingly, strike the report Mr. Goodman has provided pursuant to Federal Rule of Civil Procedure 26.

///
///
///

1

1  Defendants contend that Mr. Goodman lacks sufficient knowledge,
2  expertise, education, training and experience sufficient to
3  qualify as an expert and, accordingly, ask that the Court
4  preclude his testimony/report under the rationale articulated in
5  <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993)
6  and <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999).
7       Defendants' challenge to Joel Goodman's qualification
8  appears to center on the argument that he has no California-based
9  experience, has never previously provided expert testimony
10 regarding in-custody jail, and has insufficient experience in
11 correctional healthcare issues to testify as an expert.
12      Defendants correctly point out that the trial judge, under
13 <u>Daubert</u> and <u>Kumho</u>, functions as a gatekeeper to ensure that
14 expert testimony meets a minimum standard of evidentiary
15 reliability as a precondition to admissibility.  <u>See</u> <u>Kumho</u>,
16 526 U.S. at 1175.  That function, however, does not supplant the
17 role of the adversarial process in attacking questionable, but
18 admissible, evidence through both vigorous cross-examination and
19 the presentation of contrary evidence.  <u>Daubert</u>, 509 U.S. at 595.
20 Moreover, as the Advisory Committee Notes to Federal Rule of
21 Evidence 702 (governing expert testimony) make clear, the judge's
22 preliminary role under <u>Daubert/Kumho</u> in vetting expert testimony
23 should not be interpreted as providing a wholesale excuse for an
24 automatic challenge to the testimony of every expert.
25      Applying these standards to the present case, the Court
26 finds that Defendants' challenge to Mr. Goodman's status as an
27 expert is wholly lacking.
28 ///

Goodman's curriculum vitae indicates that he has some 31 years of experience working for the Federal Bureau of Prisons between 1976 and 2007, has been published 15 times, and has been involved in numerous training and conference presentations throughout the country.  Goodman has repeatedly testified as an expert in correctional-related issues in both federal and state courts located across the United States.  While Defendants point to a lack of California-based expertise, it appears that Goodman did serve as a regional community corrections manager in San Diego between 1984 and 1989.  Although he has not worked in a correctional healthcare capacity per se, given Goodman's broad-based correctional experience he certainly is qualified to comment on correctional procedures and practices bearing on healthcare issues.

To the extent that Defendants believe that Goodman's experience renders his opinions less persuasive, they are free to attack his credentials on cross-examination.  The present motion, however, which seeks to undermine the very foundation of his qualification as an expert, has no merit. Defendants' Motion to Strike (ECF No. 39) is accordingly DENIED.[1]

IT IS SO ORDERED.

Dated: April 27, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).