UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRIANNA M. BROOKS, individually and as successor-in-interest to Decedent DENNIS BROOKS; DANESSA J. BROOKS; H.B., a minor, by and through her guardian ad litem, BRENDA ANN CLOW-BROOKS,

       Plaintiffs,

  v.

COUNTY OF SAN JOAQUIN, a municipal corporation; STEVE MOORE, in his capacity as Sheriff for the COUNTY OF SAN JOAQUIN; KEVIN CASSINELLI, individually, and in his official capacity as an Officer for the COUNTY OF SAN JOAQUIN; ANGELA HURTADO, individually and in her official capacity as an Officer for the COUNTY OF SAN JOAQUIN; MARK HUGHES, individually, and in his official capacity as an Officer for the COUNTY OF SAN JOAQUIN; OCTAVIO SAMANIEGO, individually, and in his official capacity as an Officer for the COUNTY OF SAN JOAQUIN; RALPH HUGGINS, individually, and in his capacity as an Officer for the COUNTY OF SAN JOAQUIN; and DOES 6-25, inclusive,

       Defendants.

NO. 2:09-cv-03343-MCE-GGH

**ORDER**

1        Through the present lawsuit, Plaintiffs seek redress under
2   both 42 U.S.C. § 1983 and state law for the suicide of their
3   father, Dennis Brooks, while Brooks was a pretrial detainee at
4   the San Joaquin County Jail.  Presently before the court is
5   Defendants' Motion for Leave to Substitute Expert Witness and to
6   Supplement Expert Disclosure.  That Motion has been brought
7   because Defendants' previously disclosed expert in the provision
8   of correctional facility medical health care standards and
9   services, John Clark M.D., recently died.  Given that death,
10  Defendants seeks to substitute the testimony of another
11  correctional health care expert.  Plaintiffs have opposed
12  Defendants' Motion.
13       Courts have approved supplemental disclosures where a
14  critical expert witness has died after the deadlines have passed
15  for expert discovery disclosure.  <u>Baumann v. Amer. Family Mutual
16  Ins. Co.</u>, 278 F.R.D. 614, 615-16 (D. Colo. 2012); <u>Morel v.
17  Daimler-Chrysler Corp.</u>, 259 F.R.D. 17, 20 (D.P.R. 2009).
18  Plaintiffs do not dispute that authority; they argue only that
19  standards for correctional healthcare are not implicated in this
20  case and that therefore expert medical testimony on that issue is
21  irrelevant or, at best, cumulative to the testimony of another
22  defense expert, Daniel Vasquez, who is expected to testify as to
23  correctional policies and procedures as well as inmate
24  classification.
25  ///
26  ///
27  ///
28  ///

Defendants disagree, arguing that even though jail medical staff has not been sued in this matter, the conduct of correctional staff in ensuring that needed correctional healthcare is provided, and whether or not staff's acts or omissions in that regard fell below the applicable standard of care, is a central issue in this litigation. Therefore Defendants maintain that a replacement for Dr. Clark's testimony is essential.

Given Dr. Clark's death, the Court finds that Defendants have demonstrated good cause for permitting a late disclosure under the circumstances presented. Defendants' Motion (ECF No. 50) is accordingly GRANTED.[1] Defendants may serve a supplemental expert witness list designating a replacement for Dr. Clark not later than ten (10) days after the date this Order is filed. Defendants are directed to make that new expert available for deposition not later than thirty (30) days after the date of the supplemental designation.

IT IS SO ORDERED.

Dated: November 15, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).