1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8   BRIANNA M. BROOKS,
    individually and as successor-
9   in-interest to Decedent DENNIS
    BROOKS; DANESSA J. BROOKS;
10  H.B., a minor, by and through
    her guardian ad litem, BRENDA
11  ANN CLOW-BROOKS,
                                          NO. 2:09-cv-03343-MCE-GGH
12              Plaintiffs,

13       v.                               **ORDER**

14  COUNTY OF SAN JOAQUIN, a
    municipal corporation; STEVE
15  MOORE, in his capacity as
    Sheriff for the COUNTY OF SAN
16  JOAQUIN; KEVIN CASSINELLI,
    individually, and in his
17  official capacity as an
    Officer for the COUNTY OF SAN
18  JOAQUIN; ANGELA HURTADO,
    individually and in her
19  official capacity as an
    Officer for the COUNTY OF SAN
20  JOAQUIN; MARK HUGHES,
    individually, and in his
21  official capacity as an
    Officer for the COUNTY OF SAN
22  JOAQUIN; OCTAVIO SAMANIEGO,
    individually, and in his
23  official capacity as an
    Officer for the COUNTY OF SAN
24  JOAQUIN; RALPH HUGGINS,
    individually, and in his
25  capacity as an Officer for the
    COUNTY OF SAN JOAQUIN; and
26  DOES 6-25, inclusive,

27              Defendants.

28

1

1      Through the present lawsuit, Plaintiffs seek redress under

2  both 42 U.S.C. § 1983 and state law for the suicide of their

3  father, Dennis Brooks, while Brooks was a pretrial detainee at

4  the San Joaquin County Jail.  Presently before the court is

5  Defendants' Motion for Leave to Substitute Expert Witness and to

6  Supplement Expert Disclosure.  That Motion has been brought

7  because Defendants' previously disclosed expert in the provision

8  of correctional facility medical health care standards and

9  services, John Clark M.D., recently died.  Given that death,

10  Defendants seeks to substitute the testimony of another

11  correctional health care expert.  Plaintiffs have opposed

12  Defendants' Motion.

13      Courts have approved supplemental disclosures where a

14  critical expert witness has died after the deadlines have passed

15  for expert discovery disclosure.  <u>Baumann v. Amer. Family Mutual</u>

16  <u>Ins. Co.,</u> 278 F.R.D. 614, 615-16 (D. Colo. 2012); <u>Morel v.</u>

17  <u>Daimler-Chrysler Corp.</u>, 259 F.R.D. 17, 20 (D.P.R. 2009).

18  Plaintiffs do not dispute that authority; they argue only that

19  standards for correctional healthcare are not implicated in this

20  case and that therefore expert medical testimony on that issue is

21  irrelevant or, at best, cumulative to the testimony of another

22  defense expert, Daniel Vasquez, who is expected to testify as to

23  correctional policies and procedures as well as inmate

24  classification.

25  ///

26  ///

27  ///

28  ///

1   Defendants disagree, arguing that even though jail medical

2  staff has not been sued in this matter, the conduct of

3  correctional staff in ensuring that needed correctional

4  healthcare is provided, and whether or not staff's acts or

5  omissions in that regard fell below the applicable standard of

6  care, is a central issue in this litigation.  Therefore

7  Defendants maintain that a replacement for Dr. Clark's testimony

8  is essential.

9   Given Dr. Clark's death, the Court finds that Defendants

10 have demonstrated good cause for permitting a late disclosure

11 under the circumstances presented.  Defendants' Motion (ECF

12 No. 50) is accordingly GRANTED.[1]  Defendants may serve a

13 supplemental expert witness list designating a replacement for

14 Dr. Clark not later than ten (10) days after the date this Order

15 is filed. Defendants are directed to make that new expert

16 available for deposition not later than thirty (30) days after

17 the date of the supplemental designation.

18   IT IS SO ORDERED.

19
    Dated: November 21, 2012
20

21   _____

22   MORRISON C. ENGLAND, JR.
     UNITED STATES DISTRICT JUDGE
23

24

25

26

27   [1] Because oral argument was not of material assistance, the
     Court ordered this matter submitted on the briefs.  E.D. Cal.
28   Local Rule 230(g).